UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDREW JOHN MCCORMACK,

        Petitioner,                    Case No. 1:23-cv-1350

v.                                      Honorable Robert J. Jonker

STEVEN HINKLEY,

        Respondent.
_____/

## OPINION

Petitioner Andrew John McCormack is a pretrial detainee confined to the Calhoun County Jail. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1), claiming that his pretrial detention violates his constitutional rights. This matter is presently before the court on Petitioner's motion for leave to proceed *in forma pauperis*, (ECF No. 2), and for preliminary review under 28 U.S.C. § 2243.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

**Discussion**

**I.      Leave to Proceed** *in Forma Pauperis*

The filing fee for a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). Petitioner has requested leave of court to proceed *in forma pauperis*, without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). (ECF No. 2.) It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis*.

**II.     Factual Allegations**

Petitioner Andrew John McCormack is detained at the Calhoun County Jail, in Battle Creek, Michigan, on charges of homicide in violation of Mich. Comp. Laws § 750.316, arson in the second degree, in violation of Mich. Comp. Laws § 750.73, and tampering with evidence in violation of Mich. Comp. Laws § 750.483a, pending in the Kalamazoo County Circuit Court. (ECF No. 1-3, PageID.16.) Petitioner contends that he is "being held illegally by illegal proceedings; illegal jurisdiction; illegal imprisonment hold since [his] illegal arrest" on January 17, 2023. (ECF No. 1, PageID.1.)

Petitioner filed multiple motions regarding his claims with the Kalamazoo County Circuit Court, which were denied. (ECF No. 1-4, PageID.21–22; ECF No. 1-5, PageID.24–31; ECF No. 1-6, PageID.33–39). He then filed a "Request for Interlocutory Appeal to Reverse Court Ruling," also in the Kalamazoo County Circuit Court. (ECF No. 1-7, PageID.41–51.) Petitioner did not appeal any decision to the Michigan Court of Appeals or the Michigan Supreme Court. (*See* ECF No. 1, PageID.2–5.); *see also* Michigan Courts Case Search, https://www.courts.michigan.gov/case-search/ (enter "Andrew John McCormack," select "search") (last accessed Jan. 4, 2024). Petitioner instead filed his action in this Court on December 15, 2023. (ECF No. 1, PageID.10.)

Petitioner seeks release from jail and dismissal of the charges against him. (*Id.*, PageID.9.)

### III. Premature Request for Relief

A claim for habeas relief under Section 2241 is not subject to all of the specific statutory requirements set forth in Section 2254. Thus, the Section 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a Section 2241 habeas petitioner. Nonetheless, a prejudgment detainee may not simply seek relief in federal court under Section 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Mich.*, 644 F.2d 543, 546 & n.1 (6th Cir. 1981); *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a prejudgment Section 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).

None of Petitioner's claims regarding his pending charges and detention fall within any of these exceptional circumstances. Furthermore, Petitioner is asking the Court to release Petitioner from his confinement and dismiss the charges against him. That relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petition brings a prejudgment

3

habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In re Justices of Superior Court Dep't of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

Moreover, even if Petitioner's grounds for relief were permitted, he would still have to exhaust his state court remedies. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490-91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a Section 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner does not indicate that he has sought relief in the Michigan Court of Appeals or the Michigan Supreme Court. A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq.* Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by

motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief. Unless and until Petitioner has fairly presented his federal habeas issues to the Michigan courts, he has not exhausted his remedies such that this Court might consider Petitioner's challenges to his pretrial detention.

**IV.     Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied because the relief he seeks is not available by way of a pretrial habeas petition and because he has failed to exhaust his state court remedies. In other words, the petition is premature. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion or, based on the relief requested, as premature. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under

§ 2241 and has failed to make a substantial showing of a denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order granting Petitioner's request for leave to proceed *in forma pauperis.* The Court will also enter a judgment dismissing the petition as premature and denying a certificate of appealability.

Dated:  January 23, 2024  /s/ Robert J. Jonker
　　　　　　　　　　　　　　　　　　　　　　　Robert J. Jonker
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge